IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHUN MEI TONG, aka "Debbie Kim,"<br><br>Defendant. | CR. NO. 18-00082 JMS-1<br>CV. NO. 22-00423 JMS-KJM<br><br>ORDER: (1) DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, ECF NO. 160; AND (2) DENYING CERTIFICATE OF APPEALABILITY |

**ORDER: (1) DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, ECF NO. 160; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

On September 6, 2019, Defendant Chun Mei Tong ("Defendant") was convicted by a jury on five counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  *See* ECF Nos. 2 & 88.[1]  Defendant was sentenced on January 6, 2020, to a total period of 66-months incarceration and ordered to pay $207,874 in restitution.  ECF No. 109.  The Ninth Circuit affirmed this court's restitution order on January 20, 2022.  ECF No. 156.

---

[1] Unless otherwise specified, all references to filings in this Order are docketed to Cr. No. 18-00082 JMS-1.

Defendant then sought relief from this court's restitution order in an April 29, 2022 "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("First Motion").  ECF No. 158.  The court denied the First Motion, determining that relief from a restitution order cannot be brought by way of § 2255.  ECF No. 159; *see also United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002).

Next, on September 20, 2022, Defendant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody for Ineffective Assistance of Counsel" ("Second Motion").  ECF No. 160.  Defendant also filed a "Motion to Amend ECF No. 160" on October 12, 2022, which the court construed as a supplemental filing in support of the Second Motion.  ECF Nos. 162 & 163.  This court denied the Second Motion as an unauthorized second or successive motion in violation in § 2255(h) and thus referred the Second Motion to the Ninth Circuit.

The Ninth Circuit determined that because Defendant's First Motion was decided on the merits, and thus "to the extent [Defendant's] Second Motion raises claims that could have been adjudicated on the merits when she filed her First Motion, that aspect of her Second Motion is second and successive." *Tong v. United States*, 81 F. 4th 1022, 1027 (9th Cir. 2023).  The court also stated that "to the extent that [Defendant's] Second Motion raises claims that could not have been

2

adjudicated when she filed her First Motion, those claims are not second or successive and must be considered by the district court in the first instance." *Id.*[2] The court now reaches those claims.

In her Second Motion, Defendant claimed that her trial counsel failed: (1) to argue that her conduct was not illegal, but instead simply a conflict of interest; (2) to call an ethics expert at trial; (3) to raise a lack of third-party accounting as to the loss amount to be used at sentencing; and (4) to object to the United States Sentencing Guidelines loss amount pursuant to *United States v. Martin*, 796 F.3d 1101 (9th Cir. 2015). *See* ECF Nos. 160 & 162; *Tong*, 81 F.4th at 1024. Although these matters were all determined to be second or successive, Defendant also "claimed that her habeas counsel provided ineffective assistance by failing to address these issues in her First Motion." *Tong*, 81 F.4th at 1024.[3] That claim is not barred as second or successive, and the court now addresses this limited issue.

Defendant's ineffective assistance of habeas counsel claim fails for two independent reasons.

---

[2] The Ninth Circuit mandate issued on November 24, 2023.

[3] "According to [Defendant], her First Motion was ghostwritten by her attorney, Earle Partington, who had previously been disbarred. [Defendant] is the only signatory on the motion; the "Signature of Attorney" line is left blank." *Tong*, 81 F.4th at 1024 n.1.

First, it rests on a faulty premise—that an attorney can provide constitutionally ineffective assistance of counsel in a § 2255 proceeding. In fact, there is no constitutional right to counsel in post-conviction proceedings. *See Davila v. Davis*, 582 U.S. 521, 528–29 (2017); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pavulak v. Blanckensee*, 14 F.4th 895, 897 (9th Cir. 2021) ("Federal prisoners are not entitled to counsel in post-conviction proceedings."). And many courts have held that because there is no constitutional right to counsel in a § 2255 proceeding, there can be no constitutionally ineffective assistance of counsel in such a proceeding. *See United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990) (holding that an attorney's shortcomings in relation to work on a § 2255 petition cannot then be raised in a separate § 2255 petition because the defendant "had no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) (holding that a defendant cannot challenge a former § 2255 attorney's ineffectiveness in a separate § 2255 proceeding because there is no constitutional right to counsel in such a proceeding and "[w]ithout such a right, [the defendant] cannot assert a claim for ineffective assistance of counsel"); *see also Rouse v. Lee,* 339 F.3d 238, 250 (4th Cir. 2003); *United States v. Powell*, 584 F. App'x 919, 920 (10th Cir. 2014); *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009); *Johnson v. United States*, 2018 WL 3862707, at *3 (D.N.M. Aug. 14, 2018);

*Collins v. United States*, 2014 WL 12817858, at *6 (M.D.N.C. Oct. 3, 2014); *United States v. Willis*, 2011 WL 1131115, at *2 (W.D. Va. Mar. 27, 2011). Thus, even if Partington was in fact Defendant's habeas counsel, she cannot now claim ineffective assistance in the filing of the First Motion.[4]

Second, even if courts did recognize an ineffective assistance of habeas counsel claim, the First Motion was filed by Defendant pro se, not by Partington. A claim that the First Motion was ghostwritten by Partington would be insufficient to support an ineffective assistance claim when in fact Defendant, not Partington, filed the First Motion.

In short, the court DENIES the issues raised in Defendant's Second Motion that were not barred as second or successive.

In denying the Second Motion, the court must also address whether Defendant should be granted a certificate of appealability ("COA"). *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[4] Further, Defendant cannot rely on the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012) (addressing ineffective assistance of habeas counsel claim in determining procedural default). *Martinez* does not apply to federal petitions brought under § 2255. *See Pavulak*, 14 F.4th at 897.

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).  The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and quotation marks omitted).  The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id*. (citation and quotation marks omitted).

Based on this record, the court determines that reasonable jurists could not find the court's ruling debatable.  *See Hayward*, 603 F.3d at 553.  Accordingly, a COA is DENIED.

Defendant's Second Motion, ECF No. 160, is DENIED, and the court DENIES a Certificate of Appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 27, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Tong*, Cr. No. 18-00082 JMS-1; Civ. No. 22-00423 JMS-KJM; Order: (1) Denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 160; and (2) Denying Certificate of Appealability